UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeWAYNE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>P. KUPPINGER, et al.,<br><br>Defendants. | No. 2:23-cv-00463-DJC-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. His complaint is before the court for screening. He has paid the filing fee for this action.

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's claims arise from his confinement at California State Prison, Sacramento. He groups his allegations into eight claims.

1. <u>Claim One</u>

   a. <u>Cell 209</u>

In the first claim, plaintiff alleges he was housed in a cell containing "substantial brown contaminated leakage and flooding." ECF No. 1 at 4. Plaintiff was confined to this cell (cell 209) from either December 23 or 24 until December 25, 2022. *Id.* While confined to this cell, plaintiff asked defendants Banish, Udhe, and Best to move him "to no avail." *Id.* at 4. The conditions of the cell deprived plaintiff of sleep, exercise, and daily activities. *Id.* After one or /////

two days in the cell, plaintiff intentionally committed an infraction so that he would be moved to administrative segregation. *Id.* As discussed below, these allegations cannot survive screening.

Certainly, the "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). Plaintiff's confinement to cell 209 was neither severe nor prolonged. The conditions are not described in any detail and at most, lasted one to two days. Moreover, to show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. That is, a prison official must have a "sufficiently culpable state of mind," and act with "deliberate indifference to inmate health or safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. Here, plaintiff merely alleges that his complaints to defendants were "to no avail." ECF No. 1 at 4. Even assuming the conditions in cell 209 exposed plaintiff to a substantial risk of serious harm, there is no showing that any defendant responded to that risk with deliberate indifference. For these reasons, the portion of Claim One relating to cell 209 are not sufficient to survive screening.

        b. Cell 208

On January 7, 2023,[1] plaintiff was released from administrative segregation and confined to cell 208, which also had "substantial leakage and flooding." ECF No. 1 at 5. Defendant Struve told plaintiff he would put in a work order and move plaintiff to another cell. *Id.* at 5. On January 8, 2023, the fluid in plaintiff's cell began to burn his eyes, nose, and throat. *Id.* The leak was "throughout the cell, including over Plaintiff's bunk where he slept," thus, depriving plaintiff of sleep. *Id.* On January 10, 2023, plaintiff asked defendant Struve about the status of his cell move. *Id.* at 6. Struve responded sarcastically, "I'm on the job." *Id.* In response, plaintiff stated he would file a grievance and a lawsuit. *Id.* Struve stated that if plaintiff intended to go that route, he could find someone else to move him. *Id.*

---

[1] The complaint provides the date as "June 7, 2023," but this is clearly a typographical error. *See* ECF No. 1 at 5.

On January 12, 2023, defendant Heinkel refused to move plaintiff to another cell even though one was available. *Id.* When plaintiff said he would file a grievance, Heinkel responded that the more plaintiff complained, the longer Heinkel would take to move plaintiff. *Id.*

Plaintiff was confined to cell 208 from January 7 to January 14, 2023. *Id.* at 5-6. During this time, plaintiff "underwent significant mental anguish." *Id.* at 6. Defendants Udhe, Best, Banish, Heinkel, Struve, and Haynie (as well as several non-defendants), all knew of the conditions in plaintiff's cell. *Id.*

Liberally construed, plaintiff has alleged that the conditions in cell 208 placed him at risk of substantial harm. He has also pleaded facts suggesting that defendants Struve and Heinkel acted with deliberate indifference to that risk in violation of the Eighth Amendment. Plaintiff has not pleaded facts suggesting that any other defendant had a sufficiently culpable state of mind for purposes of an Eighth Amendment claim. In addition to pleading potentially cognizable Eighth Amendment claims against Struve and Heinkel, plaintiff has pleaded potentially cognizable First Amendment retaliation claims against defendants Struve and Heinkel.

2. Claim Two

In the second claim, plaintiff alleges that on January 8, 2023, he was denied medical care after slipping on a wet floor and injuring his back and right ankle. *Id.* at 5, 7. Plaintiff was in pain after the fall, but defendant Pohovich "intimidate[ed]" and "influenc[ed]" medical personnel to not treat plaintiff for his injuries. *Id.* at 7. One of the medical officials, defendant Rosales, "side[d] with custody" and denied plaintiff medical treatment despite his complaints of pain and his inability to walk. *Id.* at 8. When plaintiff was seen by a doctor four days later, an x-ray revealed osteoarthritis and a sprain causing swelling. *Id.* The doctor ordered ice and a topical medicine, as well as orthotic shoes, compression socks, and an ankle brace. *Id.* Plaintiff alleges the defendants forced him to endure pain longer than he should have by delaying and denying him medical treatment. *Id.* Liberally construed, these allegations are sufficient to state a claim against defendants Pohovich and Rosales for deliberate indifference to medical needs in violation of the Eighth Amendment.

/////

3. Claim Three

In the third claim, plaintiff alleges that defendant Rosales retaliated against him when she denied plaintiff medical care on January 8, 2023. *Id.* at 5, 8. Plaintiff claims that during their encounter, Rosales was "feisty" and "hostile," "appearing ready to deny Plaintiff medical treatment . . . ." *Id.* at 8. Plaintiff asked for her name and she refused. *Id.* at 8-9. In response, plaintiff stated he would be "writing her up for being unprofessional." *Id.* Plaintiff claims Rosales chose not to provide plaintiff with medical care in retaliation for his statement regarding filing a grievance. *Id.*

To state a claim for retaliation in violation of the First Amendment, a prisoner must allege facts showing five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff alleges that Rosales was prepared to deny him medical treatment *before* he expressed his intention to file a grievance. Thus, the complaint does not show that Rosales denied plaintiff medical treatment *because of* plaintiff's protected conduct. For this reason, this claim cannot survive screening.

4. Claim Four

In the fourth claim, plaintiff alleges that defendants Pohovich and Lujan applied excessive force on January 8, 2023. ECF No. 1 at 5, 11. Specifically, plaintiff claims that after being cleared by medical, defendants Pohovich and Lujan (as well as other non-defendants), "aggressively loaded Plaintiff onto a gurney and carried him to his assigned cell . . . . " *Id.* at 11. When they arrived at plaintiff's cell, Pohovich bent plaintiff's "fingers in [an] effort to break them and twisted[ed] [plaintiff's] handcuffs to cause pain, maliciously and sadistically." *Id.* In addition, Lujan "subtly hit Plaintiff in his left rib maliciously and sadistically to cause pain" while stating, "Nigger, swing," in an attempt to provoke plaintiff into fighting. *Id.* Lujan also warned, "It's best you behave Nigger." *Id.* Liberally construed, these allegations are sufficient to state a potentially cognizable Eighth Amendment excessive force claim against defendants Pohovich and Lujan.

5. Claim Five

In the fifth claim, plaintiff alleges that on January 12, 2023, he was placed in a holding cage in restraints and a smock, per standard procedure, while awaiting suicidal evaluation. *Id.* at 12. Plaintiff informed defendants Henry and Elders and non-defendant Benso, that he needed to urinate. *Id.* They informed plaintiff that because he was under suicide watch, they could not remove his restraints. *Id.* Plaintiff was forced to urinate on himself and his smock. *Id.* Afterward, the officials took no efforts to move plaintiff to one of several nearby holding cages. *Id.* Plaintiff does not allege how much time passed before he was allowed to properly clean himself.

These allegations do not rise to the level of an Eighth Amendment claim for cruel and unusual punishment. First, plaintiff has not alleged that any defendant forced plaintiff to urinate on himself out of deliberate indifference to plaintiff's health and safety. Rather, plaintiff alleges he was restrained for his own safety after alerting staff that he felt suicidal. *See Bowers v. Pollard*, 602 F. Supp. 2d 977, 988-92 (E.D. Wis. 2009), aff'd, 345 F. App'x 191 (7th Cir. 2009) (granting defendants' motion for summary judgment on Eighth Amendment claim where inmate urinated and defected on himself as a result of being strapped down for up to twelve hours at a time, because the restraints were a non-punitive measure to prevent the inmate from harming himself and others). Second, plaintiff does not allege how long it was before he was allowed to clean up. Without such allegations the court cannot determine whether plaintiff was subjected to a substantial risk of serious harm.

6. Claim Six

In the sixth claim, plaintiff alleges that on or around January 16, 2023, defendant Kuppinger retaliated against plaintiff by withholding and damaging plaintiff's personal and legal property because plaintiff complained about the flooding in his cell. *See* ECF No. 1 at 13 (alleging that when plaintiff inquired about the state of his property, Kuppinger said to plaintiff, "We got work to do" and "you want to make all this noise about your housing . . . and make threats about grievances and lawsuits with all the suicidal bullshit . . . ."). Liberally construed,

/////

6

these allegations are sufficient to state a potentially cognizable First Amendment retaliation claim against defendant Kuppinger.

    7. Claim Seven

In the seventh claim, plaintiff alleges that defendants Haynie, Heinkel, and Struve issued a false rules violation report against plaintiff because of grievances plaintiff filed against them and defendant Kuppinger. *Id.* at 15. Plaintiff alleges that the rules violation report was retaliatory because of the "chronology of events, facts and evidence . . . ." *Id.* Plaintiff points out that the rules violation report was issued without a thorough investigation or interview of plaintiff, and that defendants Haynie, Heinkel, and Struve "are in the same circle and support one another and inferior officers['] immoral conduct." *Id.* at 16. Plaintiff was ultimately found not guilty of the rules violation. *Id.* Liberally construed, plaintiff states a potential retaliation claim against defendants Haynie, Heinkel, and Struve.

    8. Claim Eight

In the eighth claim, plaintiff alleges that on February 24, 2023, defendant Ehlers sexually assaulted him while he was being held for suicidal evaluation. *Id.* at 17. This claim appears to be improperly joined because unrelated claims involving different defendants must be brought in separate lawsuits.[2] Here, there appears to be no basis for litigating the February 24, 2023 sexual assault claim against defendant Ehlers in the same action as the claims arising from the conditions in plaintiff's cell in January of 2023. These two sets of claims, standing alone, seemingly encompass discrete events and separate defendants, rendering them ill-suited to proceed in a single suit.

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Summary of Screening Order

In summary, plaintiff may either proceed with the potentially cognizable claims identified above, including the following: (a) <u>Claim One</u>: an Eighth Amendment conditions of confinement claim regarding cell 208 and a First Amendment retaliation claim against defendants Struve and Heinkel; (b) <u>Claim Two</u>: an Eighth Amendment deliberate indifference to medical needs claim against defendants Pohovich and Rosales; (c) <u>Claim Four</u>: an Eighth Amendment excessive force claim against defendants Pohovich and Lujan; (d) <u>Claim Six</u>: a First Amendment retaliation claim against defendant Kuppinger; and (e) <u>Claim Seven</u>: a First Amendment retaliation claim against defendants Haynie, Heinkel, and Struve, or plaintiff may amend his complaint in an attempt to state additional claims for relief. Plaintiff may not, however, change the nature of this suit by alleging new, unrelated claims. *George*, 507 F.3d at 607. Plaintiff is not obligated to amend his complaint.

Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

/////

8

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, the following potentially cognizable claims:

    a. <u>Claim One</u>: an Eighth Amendment conditions of confinement claim regarding cell 208 and a First Amendment retaliation claim against defendants Struve and Heinkel;

    b. <u>Claim Two</u>: an Eighth Amendment deliberate indifference to medical needs claim against defendants Pohovich and Rosales;

    c. <u>Claim Four</u>: an Eighth Amendment excessive force claim against defendants Pohovich and Lujan;

    d. <u>Claim Six</u>: a First Amendment retaliation claim against defendant Kuppinger; and

    e. <u>Claim Seven</u>: a First Amendment retaliation claim against defendants Haynie, Heinkel, and Struve.

2. All other claims (including those against defendants Udhe, Banish, Best, Henry, and Elders (or Elhers)) are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: June 1, 2023.

*[signature: Edmund F. Brennan]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeWAYNE THOMPSON,<br><br>             Plaintiff,<br><br>     v.<br><br>P. KUPPINGER, et al.,<br><br>             Defendants. | No. 2:23-cv-00463-DJC-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____    proceed only with the specific claims identified in the Screening Order against defendants Struve, Heinkel, Pohovich Rosales, Lujan, Kuppinger, and Haynie.

OR

(2) _____    delay serving any defendant and file an amended complaint.

_____
                                                                              Plaintiff

Dated: