UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeWAYNE THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. KUPPINGER, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-00463-DJC-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. On June 1, 2023, the court determined that the original complaint stated claims against seven defendants and dismissed the claims against the remaining defendants with leave to amend. ECF No. 10 at 9. Rather than proceed on that complaint, plaintiff opted to file an amended complaint (FAC), which is now before the court for screening.¹ ECF No. 12.

////

////

---

¹ Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

1

Screening Order

Plaintiff's claims stem from his confinement at California State Prison, Sacramento. His various claims are related, i.e., belong in the same action, insofar as they "aris[e] from the conditions in plaintiff's cell in January of 2023." ECF No. 10 at 7; *see* Fed. R. Civ. P. 20(a)(2), *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants must be pursued in separate lawsuits).

1. Claim One

As in the original complaint, plaintiff alleges that his Eighth Amendment rights were violated when, over a two-day period in December 2022, he was housed in a cell with "substantial brown contaminated leakage and flooding . . . from rain." FAC at 4. He "brought his living conditions to the attention" of three defendants and "informed" defendant Banish of "having suicidal ideations." *Id.* When no action was taken, on December 25, 2022, he "committed an indecent infraction" in order to be moved to Administrative Segregation. *Id.* As in the original complaint, these allegations do not rise to the level of an Eighth Amendment claim because "the conditions are not described in any detail and at most, lasted one to two days." ECF No. 10. Moreover, plaintiff's conclusory statement that defendants "knew of problem and should of [sic] had cell condemned" is not sufficient to allege the culpable state of mind required for a deliberate indifference claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice").

Plaintiff further alleges that, on January 7, 2023, he was released from Ad-Seg and housed in Cell 208, next to his former cell, which also had "substantial leakage and flooding." FAC at 5. For the reasons set forth in the first screening order, and based on similar allegations, the FAC pleads potentially cognizable Eighth Amendment and First Amendment claim against defendants Struve and Heinkel. *See* FAC at 6-7; ECF No. 10 at 4.

2. Claim Two

In the second claim, plaintiff alleges that on January 8, 2023, after he was discharged from a crisis bed "where he was admitted due to mental anguish caused by" the conditions in his cell,

2

he fell and hurt his back and ankle. FAC at 8. Four days later, on January 12, 2023, he had x-rays and received medical treatment for a sprain. FAC at 9. Plaintiff alleges that defendants Pohovich, Lujan, and Rosales were deliberately indifferent to his serious medical needs. *Id*.

Liberally construed, the FAC pleads potentially cognizable Eighth Amendment claims against defendant Pohovich (who allegedly bent plaintiff's "fingers in a manner to break them and twisting handcuffs to cause pain") and defendant Lujan (who allegedly "hit plaintiff in his left rib"). FAC at 9. These claims are addressed below.

Plaintiff's other conclusory allegations (i.e., defendant Rosales "blatantly denied [him] medical treatment") are insufficient to establish the culpable state of mind required for a deliberate indifference claim. *See* FAC at 9. Moreover, plaintiff was treated for his minor injuries within four days, and thus fails to establish the objective element of a deliberate indifference claim. *See Spencer v. Hernandez*, No. 1:23-cv-00397-ADA-HBK (PC), 2023 WL 5759227, *3 (E.D. Cal. Sept. 6, 2023) ("The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer de minimis injuries.") (internal citation omitted).

3. Claim Three

Plaintiff alleges that, on January 8, 2023, defendant Rosales retaliated against him by delaying medical treatment for his right ankle and back, after "he told her he was going to write her up." FAC at 9, 10. After plaintiff informed her he was in pain, she allegedly "told Plaintiff if he wants medical treatment he can turn in a sick call request"; she was also "being feisty." *Id.* at 9. As in the original complaint, these allegations do not establish that Rosales took an "adverse action" against plaintiff "because of his protected conduct." *See* ECF No. 10 at 4.

4. Claim Four

Plaintiff alleges that on January 8, 2028, defendants Pohovich and Lujan used unconstitutional excessive force while loading him onto a gurney and returning him to cell 208. FAC at 12. Liberally construed, these allegations state a potentially cognizable excessive force claim against Pohovich and Lujan. *See* ECF No. 10 at 5.

////

3

5. Claim Five

Plaintiff alleges that, on January 16, 2023, defendant Kuppinger retaliated against him "by intentionally damaging his TV and typewriter [and] unlawfully disposing [of] his personal and legal property[.]" FAC at 13. This claim relates to the conditions in plaintiff's cell weeks earlier, as he asserts that "Kuppinger witnessed Plaintiff complaining about his cell leaking and flooding . . . and . .. ranting to his co-workers and superiors of grieving and bringing lawsuit against them for his living conditions." Id. Plaintiff claims that Kuppinger withheld and damaged his personal and legal property in retaliation for his complaints. Id. at 12-15. These allegations are sufficient to state a potentially cognizable First Amendment claim against defendant Kuppinger. See ECF No. 10 at 6-7.

6. Claim Six

Plaintiff claims that, due to the grievances he filed against defendants Haynie, Struve, Heinkel, and Kuppinger in January 2023, Heinkel "falsified a rules violation report" concerning another officer's failure to release him for the law library and a medical appointment in late January 2023. FAC at 16. Plaintiff alleges that Heinkel, Struve, and Haynie classified the report "as serious for no other reason but for plaintiff exercising" his First Amendment rights. Id. at 17. He alleges that these defendants "are in the same circle and support one another" and "conspir[ed]" to take adverse action against him. Id. at 17.

First, these allegations do not meaningfully relate to plaintiff's cell conditions and are improperly joined in this action. Second, plaintiff's conclusory allegations that defendants "conspired" to take adverse action against him "for no other reason" than his earlier grievances are not specific enough to meet federal pleading standards and appear to be premised on conjecture rather than any articulated facts showing such a conspiracy. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice").

According to the FAC, plaintiff was released for his January 20, 2023 law library appointment at 9:25 a.m. "though his appointment was at 8 a.m.," and he filed a grievance against a non-defendant officer. FAC at 16-17. Defendants wrote him up for filing a false grievance,

4

citing documents that plaintiff "attended [his] medical and law library [appointments]," which he did, although later than scheduled. *Id*. at 17. Plaintiff asserts that they wrote him up for retaliatory reasons, since they "should have ascertained" that the tower officer released plaintiff late for his appointments, i.e., that his grievance was justified. *Id.* In March 2023, plaintiff was found not guilty of filing a false grievance. *Id*. at 17. These allegations do not constitute a federal constitutional claim. Speculation aside, plaintiff has alleged no specific facts suggesting that defendants took adverse action against him because of conduct protected by the First Amendment.

Plaintiff further alleges that another officer, Gutierrez, "took retaliatory action against plaintiff by threatening him with an RVR for being out of bounds in [the] medical department" while plaintiff was "acquiring evidence" for his defense against the other RVR. FAC at 18. Plaintiff alleges that Gutierrez retaliated against him a second time on February 24, 2023, when he saw plaintiff typing up a lawsuit and threatened plaintiff with an RVR for having a window covering, which caused plaintiff to experience "mental anguish" and feel suicidal. *Id*. at 18. Plaintiff alleges that more unconstitutional conduct ensued when he was removed to a holding cage for suicidal evaluation. *Id*. at 18-19. None of these claims relate to plaintiff's living conditions in January 2023 and are improperly joined in this action.

7. Other Claims

Plaintiff's remaining claims (Claims 8 and 9) allege a cascade of events from February 2023 onward, including an allegedly unconstitutional cell search in February 2023 and allegedly deliberately indifferent medical care in March and April 2023. FAC at 21-25. As these claims bear little to no relation to plaintiff's living conditions in January 2023, they are improperly joined and subject to dismissal.

Summary of Screening Order

In summary, the FAC states the following potentially cognizable claims on which this action may proceed: (a) Claim One: Eighth Amendment conditions of confinement claim regarding cell 208 and First Amendment retaliation claim against Struve and Heinkel; (b) Claim Four: Eighth Amendment excessive force claim against Pohovich and Lujan; and (c) Claim Five:

5

First Amendment retaliation claim against Kuppinger.  All other claims are subject to dismissal.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to amend (ECF No. 11) is GRANTED;
2. Plaintiff's motion for extension of time (ECF No. 13) is GRANTED; and
3. Plaintiff's request to exceed 25 pages in the FAC (ECF No. 14) is GRANTED.

IT IS HEREBY RECOMMENDED THAT:

1. The First Amended Complaint (ECF No. 12) proceed on the Eighth and First Amendment claims set forth above, against defendants Struve, Heinkel, Pohovich, Lujan, and Kuppinger;
2. All other claims be dismissed without prejudice to refiling in a separate action or actions;
3. All defendants except the five named above be dismissed from this action; and
4. If and when these findings and recommendations are adopted by the district judge, service of the FAC shall be ordered on defendants Struve, Heinkel, Pohovich, Lujan, and Kuppinger.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE