UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeWAYNE THOMPSON,

           Plaintiff,

    v.

P. KUPPINGER, et al.,

           Defendants.

No.  2:23-cv-00463-DJC-EFB (PC)

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 28, 2023, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within fourteen days.  (ECF No. 15.)  Plaintiff has filed Objections to the Findings and Recommendations.  (ECF No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis in part, with the following exceptions.

First, it appears that the Findings and Recommendations omit Claim II in the list of claims under which Plaintiff may proceed, despite having found that this claim is potentially cognizable. (*See* ECF No. 15 at 3, 5–6.) Because the Court concludes that the claim is cognizable, the Court clarifies that Plaintiff may proceed on Claim II.

The Court also notes that Claim VII was not separately assessed in the Findings and Recommendations as it was mistakenly cited as being part of Claim VI. (*See* ECF No. 15 at 5; FAC at 18.) However, the Court agrees with the Magistrate Judge's assessment that the alleged conduct complained of in Claim VII, which occurred when Plaintiff was placed in a holding cell for suicidal evaluation, is too attenuated from the core claims as to be properly joined in this action and should be dismissed.

Next, despite having found Claim VI potentially cognizable in the original Complaint (Claim VII in the original Complaint (ECF No. 1)), the Magistrate Judge determined here that Claim VI is improperly joined in this action. (*Compare* ECF No. 10 at 7, with ECF No. 15 at 4.) The Court agrees with the Magistrate Judge's prior finding that Claim VI is potentially cognizable as to Haynie, Heinkel, and Struve, and finds that this claim is properly joined in the same action as Plaintiff's other claims because the alleged retaliation arises out of his grievances about the cell conditions. (*See* FAC at 16.)

Similarly, in Claim VIII Plaintiff alleges that Defendants Heinkel and Pohovich retaliated against Plaintiff for filing the instant lawsuit by vandalizing his legal papers. (FAC at 20.) As this claim arises out of the grievances related to the core cell conditions complaints, this claim is sufficiently related to be properly joined in this action. Plaintiff also alleges another defendant aided in the retaliation, but does not sufficiently allege a causal basis for retaliation. Accordingly, Plaintiff may proceed with Claim VIII as to Heinkel and Pohovich only.

Claim XI adequately asserts that Aung was deliberately indifferent to the injuries Plaintiff received as result of slipping and falling due to the cell conditions, including to his back pain and aggravated ankle pain. (FAC at 21–22.) This claim is

potentially cognizable, and because it also arises out of the cell conditions that form the basis for this action, it is sufficiently related.

Finally, Claim X alleged in the FAC was not addressed in the Findings and Recommendations.  This First Amendment retaliation claim arises out of Plaintiff's claim that Aung was deliberately indifferent to Plaintiff's back injury caused by the cell conditions, and Plaintiff's statement that he would file a grievance about the deliberate indifference.  (FAC at 24–25.)  Plaintiff has sufficiently stated a potentially cognizable claim which is sufficiently related to the core cell conditions claims.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed November 28, 2023, are adopted in part; and

2.  Plaintiff's first amended complaint shall proceed on Claim One: Eighth Amendment conditions of confinement claim regarding cell 208 and First Amendment retaliation claim against Struve and Heinkel; Claim Two: Eight Amendment deliberate indifference claim against Pohovich and Lujan; Claim Four: Eighth Amendment excessive force claim against Pohovich and Lujan; Claim Five: First Amendment retaliation claim against Kuppinger;[1] Claim Six: First Amendment retaliation claim against Haynie, Heinkel, and Struve; Claim Eight: First Amendment retaliation claim against Heinkel and Pohovich; Claim Nine: Eight Amendment deliberate indifference claim against Aung; and Claim Ten: First Amendment retaliation claim against Aung;

3.  Claim Seven is dismissed without prejudice to filing in a separate suit; and

////

////

////

---

[1] In his Objections to the Findings and Recommendations, Plaintiff expresses concern that the Magistrate Judge did not address the additional facts alleged by Plaintiff in his First Amended Complaint against Kuppinger.  (ECF No. 16 at 3; FAC at 15.)  The Court clarifies that Plaintiff may proceed on all allegations against Kuppinger contained within Claim Five.

4.  All other defendants not named above are dismissed; and

5.  This matter is referred back to the assigned Magistrate Judge for all further pre-trial proceedings.

IT IS SO ORDERED.

Dated:   **February 12, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4