UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. KUPPINGER, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-00463-DJC-EFB (PC)<br><br><br>ORDER |

　　　　Plaintiff has filed objections to the undersigned magistrate judge's findings and recommendations on the parties' cross-motions for summary judgment (ECF No. 44), to which defendants have responded.  ECF Nos. 45, 46.  The objections are largely repetitive of plaintiff's arguments in both his own motion for summary judgment and in his response to defendants' motion, which the court will not revisit.  However, plaintiff includes new arguments and asserts in his objections that he did not have adequate opportunity to address subparts of Claims 4 and 8.  In light of that contention, the court orders further briefing as to those subparts only, which will permit plaintiff to fully address those claims and afford the defendants an opportunity to respond.  Although the court confirms its analysis and recommendation as to the other claims, a full revised memorandum will be issued that sets forth in a single document the findings and recommendations as to all the claims.  Upon issuance of the court's revised findings and recommendations as to Claims 4 and 8, the parties will have a further opportunity to file

1

1  objections as to those claims only.  The court will not entertain further argument as to the other
2  claims, which have already been fully briefed.

3        Plaintiff points out that defendants exempted portions of Claims 4 and 8 from their motion
4  for summary judgment.  ECF No. 45 at 1, 8-10, 18-19.  Defendants' motion was captioned as all-
5  inclusive, but the text of their motion carved out these specific claims and/or sub-claims.[1]  ECF
6  No. 36 at 1; ECF No. 36-1 at 23 ll.15-16; *id*. at 28 l.6.

7        Rule 56(f) provides that the court "may … consider summary judgment on its own after
8  identifying for the parties material facts that may not be genuinely in dispute."  "*Sua sponte*
9  grants of summary judgment are only appropriate if the losing party has reasonable notice that the
10 sufficiency of his or her claim will be in issue."  *United States v. 14.02 Acres of Land More or*
11 *Less in Fresno Cnty*., 547 F.3d 943, 955 (9th Cir. 2008).  "Reasonable notice implies adequate
12 time to develop the facts on which the litigant will depend to oppose summary judgment."
13 *Portsmouth Square, Inc. v. S'holders Protective Comm*., 770 F.2d 866, 869 (9th Cir. 1985).  The
14 time for notice is that given by Rule 56, or by a deadline for dispositive motions imposed by the
15 district court.  *Norse v. City of Santa Cruz*, 629 F.3d 966, 972 (9th Cir. 2010); *see also Walsh v.*
16 *Martin*, No. 1:23-cv-1774-KJM-BAM, 2025 WL 2731851, at *10 (E.D. Cal. Sept. 25, 2025)
17 (actual and sufficient notice given where the parties briefed the factual grounds for summary
18 judgment and were given a chance to further address those grounds at oral arguments).

19       Accordingly, the court gives notice that it will consider whether summary judgment
20 should be granted as to the claims and/or sub-claims which defendants excepted from their
21 motion for summary judgment.  *See* Fed. R. Civ. P. 56(f); ECF No. 36-1 at 23 ll.15-16; *id*. at 28
22 l.6.  The court vacates its previous findings and recommendations on the cross-motions for
23 summary judgment as to those claims, ECF No. 44, and orders supplemental briefing as set forth
24 below.

25 ////
26 ////

---

[1] *See Pearson v. Apria Healthcare Group, Inc*., No. 21-55786, 2023 WL 3244001, at *1 (9th Cir. May 4, 2023) ("Pearson's summary judgment motion, though not titled as such, was a motion for partial summary judgment.").

Excessive Force (Claim 4 – Cell-Side Events Subpart Only)

Claim 4 alleges excessive use of force by defendants Pohovich and Lujan while they escorted plaintiff to his cell on January 8, 2023 (the "Escort Events"), and also upon arrival at the cell in removing plaintiff's handcuffs (Pohovich) and attempting to provoke plaintiff verbally and with subtle hits to his ribs (Lujan) (the "Cell-Side Events"). *See* ECF No. 44 at 3. Plaintiff points out that defendants excepted the Cell-Side Events subpart of Claim 4 from their request for summary judgment in the text of their motion, ECF No. 36-1 at 23 ll.15-16, even though the parties' submissions on the cross-motions included the Cell-Side Events. *See* ECF No. 29 at 1, 45, 73; ECF No. 36-7 at 2 ¶ 6; ECF NO. 36-8 at 2 ¶ 6. For this reason, the court provides the parties a further opportunity to address whether summary judgment should be granted in favor of defendants regarding the subpart of Claim 4 that alleges cell-side use of excessive force by defendants Pohovich and Lujan.

Retaliation (Claim 8 Against Pohovich Only)

Similarly, plaintiff objects that defendants did not request summary judgment on his claim of a retaliatory cell search against Heinkel and Pohovich (Claim 8). ECF No. 45 at 19. Plaintiff is only partially correct. Defendants moved for summary judgment as to Heinkel, but they did not move for summary judgment as to Pohovich even though Pohovich disputed plaintiff's allegations in her declaration. ECF No. 36-1 at 27-28; ECF No. 36-7 at 3 ¶ 10. Because defendants carved out the claim against Pohovich in the text of their motion, the court grants the parties an opportunity to further address whether the court should enter summary judgment in favor of Pohovich on Claim 8.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1) The court's Findings and Recommendations, ECF No. 44, are VACATED as to Claims 4 and 8.

2) No later than November 21, 2025 defendants shall submit supplemental briefing on whether summary judgment should be granted as to:

////

3

        a) The excessive force claim (Cell-Side Events only) against Pohovich and Lujan in Claim 4; and

        b) The retaliation claim against defendant Pohovich in Claim 8.

2) No later than December 12, 2025, plaintiff shall respond to defendants' supplemental briefing.

3) No later than December 19, 2025, defendants shall file their reply, if any.

4) At the close of the supplemental briefing the question of whether summary judgment should be entered for defendants on the remaining subparts of Claims 4 and 8 will stand submitted. The court will thereafter issue revised findings and recommendations addressing those claims and will also restate the court's earlier analysis as to all other claims.[2]

Dated: November 3, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] For clarity, the court confirms its recommendation to grant defendants' motion for summary judgment on Claims 1, 2, 5, 6, 9, and 10; and to deny plaintiff's motion for summary judgment on Claims 1, 2, 5, 6, 9, and 10. The court also confirms its recommendation to grant summary judgment for defendants on the remaining portions of the excessive force claim (Escort Events) against Pohovich and Lujan in Claim 4; and confirms its recommendation to deny plaintiff's motion for summary judgment on Claim 4. Likewise, the court confirms its recommendation to grant summary judgment for defendants on the claim against Heinkel in Claim 8; and confirms its recommendation to deny plaintiff's motion for summary judgment on the claim against both Heinkel and Pohovich in Claim 8. The court is not inviting further briefing on any of those claims.